IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTHONY ELLIS, ) | |
| ) | |
| Movant, ) | |
| ) | Cv. No. 2:12-cv-02963-JPM-cgc |
| v. ) | Cr. No. 2:08-cr-20108-BBD-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

ORDER ADDRESSING PENDING MOTIONS,
DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Anthony Ellis, Bureau of Prisons register number 22149-076, who is currently incarcerated at the Federal Correctional Institution in Fort Worth, Texas. (§ 2255 Mot., *Ellis v. United States*, No. 2:12-cv-02963-JPM-cgc (W.D. Tenn.), ECF No. 1; *see* ECF No. 10 at PageID 64.) For the reasons stated below, the Court DENIES the § 2255 Motion.

I. PROCEDURAL HISTORY

A. Criminal Case Number 08-20108

On March 18, 2008, a federal grand jury returned a single-count indictment charging that, on or about August 31, 2007, Ellis, a convicted felon, knowingly possessed a Colt .38 special caliber revolver in violation of 18 U.S.C. § 922(g). (Indictment, *United States v. Ellis*, No.

2:08-cr-20108-BBD-1 (W.D. Tenn.), ECF No. 1.) The factual basis for the charge is stated in the presentence report ("PSR"):

**The Offense Conduct**

6. The following information was gathered from a review of materials contained in the files of the United States Attorney, including the investigative reports of the Memphis Police Department.

7. On August 31, 2007, Memphis Police Officers on routine patrol in the area of South Parkway and Florida, clocked a vehicle on South Parkway doing 50 mph in a 40 mph zone. The vehicle was being driven by **Anthony Ellis**. Officers asked **Ellis** for his driver's license and he produced a TN ID only card. A check of **Ellis'** license revealed it was suspended. Officers asked **Ellis** to step out of the vehicle, but he advised that he could not because he was paralyzed from the waist down. **Ellis** informed officers that he operated the vehicle by using a cane to manipulate the accelerator and the brake. **Ellis** was placed under arrest to prevent this offense from continuing as well as for the safety of others. The vehicle was occupied by two additional males, Anthony Banks and Anthony Jennings. Officers searched the vehicle and located a loaded Colt .38 caliber revolver, possible serial number #74532H, tucked behind the glove box. MPD officers indicated on the "Firearms Worksheet" that the serial number was obliterated and the listed serial number (#74532H) is a possible serial number. **Ellis** waived his Miranda rights, and claimed ownership of the gun and stated he possessed it for his protection.

8. MPD officers ran a criminal history check on **Ellis** and determined him to be a convicted felon. A check of the firearm by agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) determined it was not manufactured in the State of Tennessee and therefore traveled in interstate commerce.

. . . .

**Adjustment for Acceptance of Responsibility**

11. The defendant submitted the following signed statement:

"I, Anthony Ellis, admit that I am guilty of the crime charged in the Indictment. I admit that on or about August 31, 2007, I possessed a Colt .38 special caliber revolver, which violated the law of the United States of America because I had previously been convicted of a felony. I am sorry for the trouble I have caused my family, myself, and the Court. I will never do this again, and I realize the seriousness of my actions."

(PSR ¶¶ 6-8, 11.)

Pursuant to a written plea agreement, Ellis appeared before the Court on April 2, 2009, to plead guilty to the sole count of the Indictment. (Min. Entry, *United States v. Ellis*, No. 2:08-cr-20108-BBD-1 (W.D. Tenn.), ECF No. 48; Plea Agreement, *id.*, ECF No. 49.) At a hearing on October 27, 2009, the Court sentenced Ellis as an armed career criminal to a term of imprisonment of 180 months, to be followed by a three-year period of supervised release. (Min. Entry, *id.*, ECF No. 64.)[1] Judgment was entered on October 28, 2009. (J. in a Criminal Case, *id.*, ECF No. 66.) Ellis filed a notice of appeal on November 5, 2009. (Notice of Appeal, *id.*, ECF No. 68.) On May 22, 2012, the Sixth Circuit affirmed the district court's judgment. *United States v. Ellis*, 473 F. App'x 490 (6th Cir. 2012).

B.     Case Number 12-2963

On November 5, 2012, Ellis filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (§ 2255 Mot., *Ellis v. United States*, No. 2:12-cv-02963-JPM-cgc (W.D. Tenn.), ECF No. 1.) This motion presents the following issue: that there was "court error in sentenc[ing] Mr. Ellis [under the]

---

[1] The 2008 edition of the *Guidelines Manual* was used to calculate Ellis' sentencing range. (PSR ¶ 12.) Pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for unlawful possession of a firearm is 24 if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a drug offense. (*Id.* ¶ 13.) Ellis received a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in a total offense level of 21. (*Id.* ¶¶ 19, 20.) Given his criminal history category of V, the guideline sentencing range ordinarily would have been seventy to eighty-seven months. (*2008 Guidelines Manual*, Ch. 5, part A – Sentencing Table.)

Because of his prior drug convictions and a violent felony conviction, however, Ellis was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4. (*Id.* ¶ 21; *see id.* ¶¶ 29, 30, 32.) Pursuant to U.S.S.G. § 4B1.4(b)(3)(B), the offense level was 33 and, after the reduction for acceptance of responsibility, the total offense level was 30. (*Id.* ¶¶ 21-23.) The guideline sentencing range was 151 to 188 months with a restricted range of 180 to 188 months. (*Id.* ¶¶ 74.) Ellis was subject to a mandatory minimum sentence of fifteen years, or 180 months, pursuant to 18 U.S.C. §§ 922(g) and 924(e). (*Id.* ¶ 73.)

Armed Career Criminal Act" because "[i]n Mr. Ellis' case, the relevant substantive criminal statute does not itself prescribe[] a maximum punishment." (*Id.* at 5.)

On April 22, 2013, Ellis filed a motion to supplement the record. (Mot. to Supplement the Record, *Ellis v. United States*, No. 2:12-cv-02963-JPM-cgc (W.D. Tenn.), ECF No. 4.) In an order issued on May 31, 2013, the Court granted the motion to supplement and directed the Government to respond to Ellis' motion. (Order, *id.*, ECF No. 3.) With leave of Court, the Government timely filed its Answer on July 17, 2013. (Answer, *id.*, ECF No. 7.) Ellis filed a Traverse to the Government's Response on August 23, 2013. (Traverse, *id.*, ECF No. 9.) Ellis filed a second Traverse, nearly identical to the first, on August 11, 2014. (Second Traverse, *id.*, ECF No. 16.) On December 11, 2015, Ellis filed a motion for summary judgment. (ECF No. 25.)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

"[A] § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (internal quotation marks omitted). "[N]onconstitutional claims

that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules.

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (2005). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); *see also Pharos Capital Partners, L.P. v. Deloitte & Touche*, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) ("[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" (quoting *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008)).

## III. ANALYSIS

### A. Summary Judgment

Ellis has not demonstrated that he is entitled to summary judgment as a matter of law.[2] First, Ellis has failed to adhere to local rules regarding the filing of his summary judgment motion. He has not filed a statement of undisputed facts as required by Local Rule 56.1(a), which provides that "any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." He also has not filed a supporting memorandum as required by Local Rule 7.2(a)(1). "While [the Supreme Court] ha[s] insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, . . . [it] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). "Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules." *Greer v. Home Realty Co. of Memphis Inc.*, No. 2:07-cv-02639-SMH-egb, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) (quoting *Whitfield v. Snyder*, 263 F. App'x 518, 521 (7th Cir. 2008)); *cf. Pisano v. Parris*, No. 1:14-cv-01086-JDB-egb, 2015 WL 632326, at *3 (W.D. Tenn. Feb. 13, 2015) (denying motion

---

[2] Even though the Government has not responded to Ellis' motion for summary judgment, the motion may not be granted by default. Fed. R. Civ. P. 56 advisory committee's note (2010 Amendments, subdivision (e)); *accord* LR 7.2(a)(2) ("Failure to respond timely to any motion, *other than one requesting dismissal of a claim or action*, may be deemed good grounds for granting the motion." (emphasis added)). "A district court may properly grant summary judgment when the opposing party has not responded to the motion, *if the motion demonstrates that the moving party is entitled to judgment as a matter of law*." *Turner v. Gen. Motors Corp.*, 23 F. App'x 415, 416-17 (6th Cir. 2001) (emphasis added) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

for summary judgment when plaintiff failed to file documents required by the local rules and "[c]onsideration of the merits . . . [was] premature").

Second, while Ellis' procedural failures alone would not entitle him to summary judgment, his motion is also unsuccessful because there are genuine issues of material fact that remain. Although Ellis does not address in his motion for summary judgment whether Ellis' waiver of the right to appeal was knowing and voluntary, the evidence is such that a reasonable jury could return a verdict in favor of the Government. *See infra* Part III.B. The issues that Ellis does raise in his motion are also not undisputed. Ellis asserts that his convictions were not crimes of violence (*see* Mot. for Summary J. at 3, ECF No. 25) or controlled substance offenses (*see id.* at 5) to which the ACCA would apply. While there is no dispute that Ellis' convictions were not for violent felonies under the ACCA, there is genuine dispute as to whether Ellis' drug offenses were serious drug offenses under the ACCA. *See infra* Part III.C. Ellis similarly asserts that a guideline enhancement was inappropriate in his case (*see* Mot. for Summary J. at 2-3, 5-6, ECF No. 25), while case law indicates that he was sentenced properly, *see infra* Part III.C. Thus, Ellis' motion for summary judgment is DENIED.

### B. Waiver of the Right to Appeal and Subsequent Appeal

The Government asserts that Ellis waived his right to pursue the instant motion when he pled guilty and waived the right to appeal any sentence within the statutory maximum. (Answer at 7.) Ellis argues that the waiver in his plea agreement is not valid because it was not made voluntarily and knowingly. (Traverse at 5.)

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005) (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)).

"Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 238 (1973) ("Guilty pleas have been carefully scrutinized to determine whether the accused knew and understood all the rights to which he would be entitled at trial, and that he had intentionally chosen to forgo them.") To that end, a district court is required to "inform the defendant of, and determine that the defendant understands" his rights and the potential results of a guilty plea, including any "provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N); *see generally* Fed. R. Crim. P. 11(b)(1).

The Court finds that Ellis' waiver of the right to appeal in his plea agreement was a valid waiver. Ellis' plea agreement states:

> ANTHONY ELLIS agrees that he will enter a voluntary plea of guilty as to the indictment.
> . . . The Defendant further understands the nature of the charges to which the plea is offered and the maximum possible penalty provided by law. The Defendant understands that if he pleads guilty, there will not be a trial of any kind and that he waives his right to appeal his conviction.
> . . . .
> ANTHONY ELLIS understands that Title 18, United States Code, Section 3742 gives him the right to appeal the sentence imposed by the Court. *Acknowledging this, Defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence is within the total statutory maximum sentence for the counts of conviction.* This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.
> . . . .
> . . . By signing this document, the Defendant acknowledges that he has read this agreement, has discussed it with his attorney, that he understands it, and that he is satisfied with his attorney's representation.

(Plea Agreement at 1-3, *United States v. Ellis*, No. 2:08-cr-20108-BBD-1 (W.D. Tenn.), ECF No. 49 (emphasis added).)

At Ellis' change of plea hearing, the plea agreement was read to Ellis, and the district court asked him if he understood the agreement; if he had read the agreement for himself; if he had discussed it with his attorney; and if his attorney had answered any questions he may have had. (*See* Change of Plea Hr'g Tr. 11:5-14:5, *United States v. Ellis*, No. 2:08-cr-20108-BBD-1 (W.D. Tenn.), ECF No. 78; Min. Entry, *id.*, ECF No. 48.) Ellis answered in the affirmative to each question and did not have any questions at the time. (*Id.* at 13:17-14:8.) Ellis asserts that he was confused at the hearing[3] when asked if he "sign[ed] the agreement . . . free from any kind of pressure or force" (*id.* at 14:9-12), but that the district court did not explain the question further, leading Ellis to provide "the answer that he [felt] the [c]ourt [was] seeking" despite his confusion. (Traverse at 4, *Ellis v. United States*, No. 2:12-cv-02963-JPM-cgc (W.D. Tenn.), ECF No. 9.) The transcript of the hearing reflects, however, that the district court acknowledged that the question was unwieldy as phrased and proceeded to separate it into two questions. (*See* Change of Plea Hr'g Tr. 14:13-20, *United States v. Ellis*, No. 2:08-cr-20108-BBD-1 (W.D. Tenn.), ECF No. 78.) Ellis responded that no one had exerted force against him to cause him to sign the agreement and that he had signed the agreement of his own free will. (*Id.* at 14:15-20.) Ellis was asked several times throughout the hearing whether he had questions, and each time, he asserted that he did not. (*Id.* at 14:7-8; 20:2-5; 20:13-14; 21:25-22:1.) Accordingly, the Court does not find that Ellis' waiver of the right to appeal in his plea agreement was made involuntarily or unknowingly. *See United States v. Gravette*, 230 F.3d 1360 (6th Cir. 2000) (unpublished table decision) ("While Appellants argue now that they were confused by the proceedings, at no time did they express any confusion or raise any questions, despite several

---

[3] Ellis cites to page 14 of the transcript from his sentencing hearing (Sentencing Hr'g Tr., *United States v. Ellis*, No. 2:08-cr-20108-BBD-1 (W.D. Tenn.), ECF No. 72), but the dialogue actually appears on page 14 of the transcript from his change of plea hearing (Change of Plea Hr'g Tr., *id.*, ECF No. 78).

opportunities to do so. The district court committed no clear error in accepting the pleas as knowing and voluntary, and therefore Appellants are bound to the plain meaning of their agreements.").

Also during the change of plea hearing, the district court informed Ellis of the penalties associated with his § 922(g) offense as well as the sentencing enhancement for having three prior convictions for violent felonies or serious drug offenses. (Change of Plea Hr'g Tr. 8:16-9:17, *United States v. Ellis*, No. 2:08-cr-20108-BBD-1 (W.D. Tenn.), ECF No. 78.) When asked if he was aware of the maximum statutory penalties for his offense, Ellis first responded, "What?," after which his attorney explained that Ellis had a hearing aid. (*Id.* at 9:18-22.) Ellis asserts that the district court did not attempt to clarify or explain the penalties and only asked him again whether he understood the penalties. (Traverse at 2-3, *Ellis v. United States*, No. 2:12-cv-02963-JPM-cgc (W.D. Tenn.), ECF No. 9.) The court, however, need not establish with specificity whether a defendant understands the penalties when the defendant receives actual notice of the penalties and other evidence in the record indicates that his guilty plea is knowing and voluntary. *See United States v. Douglas*, 242 F. App'x 324, 329-30 (6th Cir. 2007) (finding that the district court's failure to comply technically with Rule 11(b)(1)(H) by not announcing the maximum possible sentence at the defendant's sentencing hearing did not affect the defendant's substantial rights since he had actual notice of the maximum penalties from his initial court appearance and his subsequent indictment); *cf. United States v. Sharp*, 442 F.3d 946, 951 (6th Cir. 2006) (refusing to "hold that [the defendant's] statement regarding his general understanding of the plea agreement may not be used to demonstrate that he understood its individual provisions" when "he . . . testified in open court that he understood [the plea agreement's] terms and had ample opportunity to discuss [the agreement] with his attorney").

10

Like the defendant in *Douglas*, Ellis had actual notice from his indictment of the maximum penalty for his offense which included the sentencing enhancement for his prior qualifying convictions. (*See* Indictment, *United States v. Ellis*, No. 2:08-cr-20108-BBD-1 (W.D. Tenn.), ECF No. 3.) Further, as stated above, the record indicates that Ellis understood the terms of his agreement even if, as he asserts, he only answered affirmatively to the district court's restatement of her question because he "fear[ed] that a request for further clarification would make him appear stupid." (Traverse at 3, *Ellis v. United States*, No. 2:12-cv-02963-JPM-cgc (W.D. Tenn.), ECF No. 9.) In addition, at Ellis' sentencing hearing, the district court stated several times that Ellis was being charged under § 922(g) and § 924(e) and that he would be subject to a minimum of fifteen years in prison. (*See* Sentencing Hr'g Tr. 7:21-8:18, 11:8-10, *United States v. Ellis*, No. 2:08-cr-20108-BBD-1 (W.D. Tenn.), ECF No. 72; Continuation of Sentencing Hr'g Tr. 6:13-7:14, 19:4-9, 30:8-9, *id.*, ECF No. 73.) The district court checked for Ellis' understanding several times throughout the proceedings, and Ellis did not raise any questions when given the opportunity. (Sentencing Hr'g Tr. 11:18-21, *id.*, ECF No. 72; Continuation of Sentencing Hr'g Tr. 18:6-10, 32:1-4, *id.*, ECF No. 73.) Accordingly, the Court finds that the record does not support Ellis' assertion that his guilty plea was not knowing and voluntary because he believed he was pleading to a § 922(g) violation with a ten-year maximum penalty rather than a § 924(e) violation with a fifteen-year minimum penalty.

Despite the waiver provision in the plea agreement, the district court recognized that, since the law in the case was unclear as to the maximum sentence for Ellis' state drug offenses, there was a legal issue for Ellis to appeal. (Continuation of Sentencing Hr'g Tr. 18:12-20, *id.*, ECF No. 73; *see generally id.* at 6-16.) Ellis was unsuccessful in his appeal. *See Ellis*, 473 F. App'x at 491. Since the issue of Ellis' classification as an armed career criminal "was fully and

11

fairly presented on direct appeal," and there has been no intervening change in the law,[4] Ellis is not entitled to relitigate the issue in a § 2255 motion. *See Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996.)

As the Court finds that Ellis voluntarily and knowingly pled guilty and waived his right to appeal his sentence, and that Ellis has already litigated an appeal of the instant issue at the Sixth Circuit, Ellis' § 2255 Motion may be dismissed without an analysis on the merits.

C. The Armed Career Criminal Enhancement for 1989 Drug Convictions

Even if Ellis were entitled to seek relief through a § 2255 motion, his motion would be denied for the same reasons the Sixth Circuit denied his appeal. Ellis asserts again in the memorandum supporting his § 2255 Motion that his two 1989 convictions were not convictions

---

[4] In his Traverse, Ellis does assert that intervening changes in law apply to his case. He asserts that his conviction is unconstitutional in light of the Supreme Court's decision in *Alleyne v. United States* and that his conviction must be reviewed in light of the Supreme Court's decision in *Descamps v. United States*. (Traverse at 5-8, *Ellis v. United States*, No. 2:12-cv-02963-JPM-cgc (W.D. Tenn.), ECF No. 9.) In *Alleyne*, the Court held that "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. 2151, 2158 (2013). In *Descamps*, the Court held that the modified categorical approach could not be used for crimes qualifying as ACCA predicate offenses which have a single, indivisible set of elements. 133 S. Ct. 2276, 2281-82 (2013). The Sixth Circuit has declined to apply *Alleyne* retroactively. *See, e.g.*, *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014) ("We now hold that *Alleyne* does not apply retroactively to cases on collateral review.") Courts in this district and circuit have also declined to apply *Descamps* retroactively. *See, e.g.*, *Bohannon v. United States*, No. 13-1255, 2015 WL 6036614 (W.D. Tenn. Oct. 15, 2015) (declining to apply *Descamps* to a motion for § 2255 relief); *Foster v. United States*, Nos. 1-11-cv-184, 1:07-cr-72, 2014 WL 4450143 (E.D. Tenn. Sept. 10, 2014) (same). Thus, because the conviction from which Ellis is appealing was final before the Supreme Court issued both the *Alleyne* and *Descamps* decisions in 2013, the Court need not assess whether Ellis is entitled to relief under either case.

Also, in a letter filed on April 4, 2014, Ellis inquires as to whether he is eligible to get "some thing [sic] off the crack law." (Letter, *Ellis v. United States*, No. 2:12-cv-02963-JPM-cgc (W.D. Tenn.), ECF No. 13.) It is likely that he is referencing the Fair Sentencing Act of 2010, which only applies to offenders sentenced for cocaine violations under federal law. Pub. L. No. 111-220, 124 Stat. 2372 (2010). Since Ellis' drug convictions were state convictions under Tennessee law, the Fair Sentencing Act has no effect on his sentence.

for "serious drug offenses" as defined by § 924(e)(2)(A)(ii) of the ACCA.[5] (Mem. of Law to Support § 2255 Mot. at PageID 8, *Ellis v. United States*, No. 2:12-cv-02963-JPM-cgc (W.D. Tenn.), ECF No. 1-1.)

Ellis was sentenced under the ACCA, which provides as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). The prior convictions used to qualify Ellis as an armed career criminal were (i) a 1989 Tennessee conviction for possession of a controlled substance with intent to manufacture, deliver, or sell (PSR ¶ 29); (ii) a 1989 Tennessee conviction for selling a controlled substance (*id.* ¶ 30); and (iii) a 1991 Tennessee conviction for aggravated robbery (*id.* ¶ 32). Ellis asserts that "his prior [drug] conviction[s] do[] not meet the requirement because he received a sentence of 4 years; three years suspend[ed], and one year[] probation under the [Tenn. Code Ann.] §§ 39-6-408, 39-6-417, which has a statutory maximum term of six years imprisonment." (Mem. of Law to Support § 2255 Mot. at PageID 8, *Ellis v. United States*, No. 2:12-cv-02963-JPM-cgc (W.D. Tenn.), ECF No. 1-1.)

At the time of Ellis' sentencing, Tennessee law distinguished between possession and sale of less than 0.5 grams of cocaine (a Class C felony) and more than 0.5 grams of cocaine (a Class B felony). (Def.'s Position Paper at 2, *United States v. Ellis*, No. 2:08-cr-20108-BBD-1

---

[5] Section 924(e)(2)(A)(ii) states that a "serious drug offense" under the statute is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."

(W.D. Tenn.), ECF No. 54.) For a Range I offender,[6] a Class C felony carried a sentence of three to six years while a Class B felony carried a sentence of eight to twelve years. (*Id.*) Ellis' two drug convictions were considered Class B felonies, which triggered the application of § 924(e)(2)(A)(ii). (*See* PSR ¶¶ 29, 30, 32.) Ellis' counsel argued, however, that because Ellis had been convicted under a previous Tennessee drug trafficking statute and the amount of cocaine for which he was indicted was unknown, the Government needed to prove that the drug amounts were more than 0.5 grams or else the district court should presume the convictions to be Class C felonies only. (Def.'s Position Paper at 4, *United States v. Ellis*, No. 2:08-cr-20108-BBD-1 (W.D. Tenn.), ECF No. 54.) The Government argued at the sentencing hearing that the district court could not automatically classify such convictions as Class C felonies and should instead apply "the classification of the controlled-substance offense as of the time of the state-court conviction" under *Mallett v. United States*, 334 F.3d 491, 503 (6th Cir. 2003) (partial majority opinion). (Sentencing Hr'g Tr. 21:13-22:15, *id.*, ECF No. 72.) The district court agreed with the Government that Ellis' convictions were for "serious drug offenses" as defined by the ACCA. (Continuation of Sentencing Hr'g Tr. 15:14-21, *id.*, ECF No. 73.) The Sixth Circuit affirmed the district court's sentence, citing *McNeill v. United States*, 563 U.S. 816 (2011), in which the Supreme Court held that a sentencing court must consult the law at the time of conviction to determine whether the conviction was for a serious drug offense under the ACCA. *Ellis*, 473 F. App'x at 493-94 ("[T]he Court both cited with approval and discussed *Mallett* . . . . [T]here can no longer be any doubt that the district court correctly sentenced Ellis as an armed career criminal in this case.")

---

[6] The Government did not dispute that Ellis would be considered a Range I offender at the time of his convictions. (Sentencing Hr'g Tr. 20:4-6, *United States v. Ellis*, No. 2:08-cr-20108-BBD-1 (W.D. Tenn.), ECF No. 72.)

Because it has been well-established that Ellis is not entitled to relief on the issue raised in his § 2255 Motion, and because *McNeill* is still good law, the Court finds that Ellis' drug convictions were correctly classified as serious drug offenses and DENIES Ellis' § 2255 Motion. Judgment shall be entered for the Government. Accordingly, Ellis' outstanding motions for a status conference, filed on July 31, 2015 (ECF No. 21), and November 23, 2015 (ECF No. 24), are DENIED as moot.

## IV.   APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue(s) that satisfy the required showing. 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the movant demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337 ("[A] court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief."); *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Miller-El*, 537 U.S. at 337 ("Our holding should not be misconstrued as directing that a

COA always must issue.").

There can be no question that the issue raised in Ellis' § 2255 Motion is meritless for the reasons previously stated. Because any appeal by Ellis on the issue raised in his § 2255 Motion does not deserve attention, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals brought under § 2255. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides, however, that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[7]

**IT IS SO ORDERED**, this 29th day of January, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[7] If Ellis files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.